LUTZ et al. v. ROTHSCHILD.

No. 15,516; November 27, 1894.

38 Pac. 360.

**Attorney and Client—Recovery by Latter from Former.—** Money received by an attorney from his client, under a misapprehension on the part of the latter as to the purposes for which it is being paid, and under circumstances which require the attorney in good conscience to refund the same, may be recovered back.

APPEAL from Superior Court, City and County of San Francisco; John Hunt, Judge.

Action by August and Katie Lutz against Joseph Rothschild. There was a judgment for plaintiffs and defendant appeals. Affirmed.

Pierson & Mitchell for appellant; John Flournoy for respondents.

VAN FLEET, J.—This is an action in form for money had and received, to recover from defendant and appellant, an attorney at law, the sum of $500, alleged to have been received by him from the plaintiffs and respondents as their attorney, and to and for their use, and which defendant refused to repay after demand. The answer was a denial of the allegations of the complaint, except as to nonpayment. The case was tried by a jury. Verdict and judgment were for plaintiffs for the sum demanded, and from the judgment and an order denying his motion for a new trial defendant appeals.

The only question involved in the appeal is as to the sufficiency of the evidence to justify the verdict. It is objected by respondents that there is no sufficient specification of insufficiency to enable the court to look into the evidence, but we find it unnecessary to determine that objection, since we have seen fit, under the circumstances, to examine the evidence in the record, notwithstanding the objection, and entertain no doubt of its sufficiency. Without stating the facts in detail, the evidence for plaintiffs tended to show that de-

fendant had received the money in dispute under a misapprehension on the part of plaintiffs as to the purposes for which it was being paid, and under circumstances which, if true, required the defendant in law and good conscience to refund it; while that of defendant went to establish that the money was voluntarily paid to him as a part of an entire fee for legal services performed, upon a distinct and perfect understanding of the parties. The jury found for plaintiffs upon evidence not only substantially conflicting, but which, it seems to us, fully sustains their verdict; and, of course, this finding cannot be disturbed.

It is urged by appellant that an action will not lie to recover money paid voluntarily and without compulsion where the party receiving the money is not guilty of fraud, and where both parties are equally cognizant of the facts upon which their rights depend. Conceding this to be true, the existence of the very facts upon which this principle is predicated were involved in the finding of the jury, which, as we have seen, was against appellant's contention. Judgment and order affirmed.

We concur: Garoutte, J.; Harrison, J.